UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-20761-UU

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,
v.

JOHN DOE subscriber assigned IP address
72.28.136.217,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (the "Motion"). D.E. 6. The Court has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

In the instant Motion Plaintiff seeks leave to serve Cogeco Communications, Inc., LLC, an Internet Service Provider ("ISP"), with a subpoena pursuant to Federal Rule of Civil Procedure 45 in order to obtain the identifying information for the subscriber associated with Internet Protocol ("IP") address 72.28.136.217.

On April 17, 2019, the Court ordered Plaintiff to show good cause as to why the Court may reasonably rely on Plaintiff's usage of geolocation or other technologies to establish: (1) the identity of the Defendant; and (2) that the Defendant may be found within this district. D.E. 8. Additionally, the Court ordered Plaintiff to show good cause as to why this case should not be dismissed for improper venue. *Id.*

On April 23, 2019, Plaintiff filed its response to the Court's order. D.E. 9. Plaintiff has shown that the geolocation software can provide a location for an infringing IP address. However, other than stating that it is "plausible" that Plaintiff could identify the infringer via his or her IP

1

address, Plaintiff has not shown how this geolocation software can establish the identity of the Defendant or that he or she may be found in this district and therefore Plaintiff has not shown good cause as to why this case should not be dismissed for improper venue. There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district. For example, it is entirely possible that the IP address belongs to a coffee shop or open Wi-Fi network, which the alleged infringer briefly used on a visit to Miami. Even if the IP address were located within a residence in this district, the geolocation software cannot identify who has access to that residence's computer and who actually used it to infringe Plaintiff's copyright. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.").

Plaintiff makes much of the fact that many courts in this circuit have permitted this limited discovery to confirm venue. D.E. 9 at 2-3, but "several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (finding an IP address insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. John Does 1-4*, No. 12 Civ. 2962(JB), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not

necessarily mean that the owner of that IP address was the infringer Pursuant to Rule 26(d)(1), absent a court order a party may not propound discovery in advance of a Rule 26(f) conference.")

"And some courts have adopted the view that an IP address is not-or may not be-a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC*, 2014 WL 7188822, at *4; *see Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); *Malibu Media, LLC v. Tsanko*, No. 12-3899, 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the Defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that Defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers*, No. 12cv1519, 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement.");

Thus, the Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant. The Court also finds that Plaintiff has not established good cause as to why this case should not be dismissed for improper venue. *See Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,* 754 F.2d 738, 743 (7th Cir.1985) (recognizing that district court judges are given broad discretion to supervise

the discovery process, and their decisions are subject to review only for abuse of discretion). Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 6, is DENIED. it is further

ORDERED AND ADJUDGED that the action is DISMISSED WITH PREJUDICE. it is further

ORDERED AND ADJUDGED that the Clerk of Court SHALL administratively close this case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __7th_ day of May, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record